

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

> Opinion Number O-4982
> Re: Whether teacher may serve
> as bus driver and receive
> equalization funds there-
> for.

We have received your letter of November 20, 1942,
which we quote, in part, as follows:

"Article 1, Section 2 of the Equalization Law
provides, in part, that 'No local funds may be
used to increase teachers' salaries directly or
indirectly above the salary schedule provided
for in this Act.'

"Section 2 of Article 3 of the same Act, in
dealing with salary aid, provides, in part, that
'No aid herein provided shall be used for in-
creasing the monthly salary of any teacher ex-
cept as herein authorized, and funds provided
for in this Act shall be used for the exclusive
purpose of extending the length of school term
of schools situated in the district receiving
such aid on the basis of the schedule of teach-
ers' salaries as determined by the State Board
of Education for the year 1938-1939.'

"In view of the fact that a bus driver is em-
ployed by the County Board of Trustees and is
paid from that portion of the Equalization Fund
which is specifically earmarked for transporta-
tion, and in view of the further fact that a

teacher who may be driving a bus is performing
a duty that in no way interferes with her regular
teaching service, and in view of the further fact
that the bus driver is not being paid from local
funds or from funds which were appropriated for
salaries, would there be any legal objection to
a teacher serving as a bus driver and receiving
pay for her services as a bus driver from the
transportation fund of the county which fund is
distributed by the County Board of Trustees?"

Section 4, Article V of the current rural aid bill
(Acts 1941, 47th Leg., R. S., Chapter 549, H. B. 284, p. 886)
authorizes the employment of bus drivers by the county boards
of trustees. Said section reads as follows:

"County Boards of Trustees are hereby author-
ized to employ bus drivers for one year and the
salary of no bus driver may be paid out of the
County Board Transportation Fund created herein
unless such bus driver is so employed. Provided
further, that only pupils or persons directly con-
nected with the school system shall be transported
on school buses while in the process of transport-
ing pupils to and from the school and any bus driver
violating the foregoing provisions shall forfeit his
contract and shall be immediately discharged by the
County Board of Trustees. However, subject to the
provisions herein, bus drivers who own their own
buses and are so employed may be given a contract
for not to exceed two (2) years conditioned that
said bus drivers agree to make improvements on
their buses, so as to more adequately insure safer
transportation for the scholastics, and the route
of such bus is not changed for the second year of
the contract."

You have informed us that due to the present emergency
it is most difficult, if not impossible, to secure the services
of regular bus drivers in some portions of the State, and that

the only practical solution of this transportation problem
is the employment of teachers to drive the school buses. It
is our opinion that the provisions of the rural aid bill,
quoted in your letter, would not be violated by such employ-
ment for the reason that the money received by the individual
as bus driver is of an entirely different character than that
received by him as teacher. In other words, the two employ-
ments are separate and distinct, and compensation received
for performing under one employment could not be said to in-
crease the compensation received by such individual for per-
forming under the other employment. It is, therefore, our
opinion that the salary received by a teacher under his teach-
er's contract is not as such supplemented or increased by the
compensation received by such person as bus driver.

Let us now examine the general law to see if there is
any legal inhibition to a person's serving in both capacities.
Section 40 of Article XVI, Constitution of Texas, prohibits the
holding of more than one civil office of emolument. However,
a school teacher is an employee, not a public officer. Martin
v. Fisher, 291 Pac. 276; Mooty v. Belyee, 236 N. W. 358, 75
A.L.R. 1347; Leymel v. Johnson, 288 Pac. 859; Clune v. School
District, 166 N. W. 11, 6 A.L.R. 736; Heath v. Johnson, 15 S.E.
980; State ex rel. Lewellen v. Smith, 69 N. W. 114; 56 C.J. 382;
57 Tex. Jur. 1035; Opinions No. O-371, No. O-4020, No. O-4669,
No. O-4796. Neither is a bus driver a public officer. Opinion
No. O-4957. It follows that the constitutional provision pro-
hibiting double office holding is not applicable and in itself
would not prevent one person's holding both the positions under
consideration.

Section 33 of Article XVI, Constitution of Texas, pro-
hibits the accounting officers of this State from drawing or
paying a warrant upon the treasury in favor of any person for
salary or compensation as agent, officer, or appointee, who
holds at the same time any other office or position of honor,
trust or profit under this State or the United States, as there-
in specified. However, as the State accounting officers neither
drew nor pay a warrant upon the treasury in favor of either the
school teacher or the bus driver, this section is inapplicable.

The performance of the duties attached to each of those positions would necessarily take place at different times; that is, the bus driver's duties are performed before the commencement of and after the close of the school day as such. See Article 2906, Revised Civil Statutes. There is, therefore, no conflict as to the time of performance of the respective duties, and after an examination of the relative statutes we are unable to discern any inconsistency or incompatibility between the duties of one position and those of the other.

You are, therefore, advised that a teacher employed by a school district may under the authority of Section 4, Article V of the current rural aid bill be employed as a bus driver by the county board of school trustees and receive compensation out of the County Board Transportation Fund for the performance of such services, provided, of course, the employment is real, and is in no way a subterfuge or means to supplement the salary received by such person as teacher.

This opinion is limited in its scope to the general duties of a school teacher and a bus driver. We are not passing on any certain contract for none is presented for our consideration. Of course, a contract may contain provisions which would make it improper or impossible for one person to serve in both capacities at the same time and perform the duties attached thereto (for example, where a teacher's contract calls for service after close of school day). No such contract is before us; nor do we express any opinion as to the same.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_

George W. Sparks
Assistant

GWS/s